```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -  x
                                   :
 UNITED STATES OF AMERICA          :    PROTECTIVE ORDER
                                   :
           - v. -                  :    S1 19 Cr. 579 (VM)
                                   :
 OMAR JUAREZ ANDRADE,              :
     a/k/a "Negro,"                :
 JUAN ROBERTO RAMIREZ, JR.,        :
     a/k/a "Gordo,"                :
     a/k/a "JR,"                   :
 CLAUDIA JUAREZ,                   :
 TOMAS ANZALDUA,                   :
     a/k/a "Tommy," and            :
 RUBEN RAMIREZ,                    :
                                   :
           Defendants.             :
                                   :
- - - - - - - - - - - - - - - - -  x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/5/2020

VICTOR MARRERO, District Judge:

On the motion of the United States of America, by Geoffrey S. Berman, United States Attorney for the Southern District of New York, through counsel, Ryan B. Finkel, Assistant United States Attorney ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), on consent of the defendants OMAR JUAREZ ANDRADE, a/k/a "Negro," through his counsel Anthony Cecutti, Esq., JUAN ROBERTO RAMIREZ, JR., a/k/a "Gordo," a/k/a "JR," through his counsel Victor L. Hou, Esq., CLAUDIA JUAREZ, through her counsel, Ian Howard Marcus Amelkin, Esq., TOMAS ANZALDUA, a/k/a "Tommy," through his counsel David B. Anders, Esq., and RUBEN RAMIREZ, through his counsel David Touger, Esq., (the "defendants"), and for good cause shown,

IT IS HEREBY ORDERED:

1. Except as noted in Paragraph 4 below, all materials, including documents and the information contained therein, electronic data, and other audio or visual materials that are provided by the Government to the defendants in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, *Brady* v. *Maryland,* or *United States* v. *Giglio*, are considered "Confidential Information."

2. Confidential Information disclosed to the defendants or to their counsel in this case during the course of proceedings in this action:

    a. Shall be used by the defendants and their counsel only for purposes of defending this criminal action;

    b. Shall not be disclosed in any form by the defendants or their counsel except as set forth in paragraph 2(c) below; and

    c. May be disclosed by the defendants or their counsel in this action only to the following persons (hereinafter "Designated Persons"):

        i. investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by defense counsel;

    ii. independent expert witnesses, investigators, expert advisors, consultants and vendors retained in connection with this action;

    iii. prospective defense witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case; and

    iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon a defendant's motion.

  3. Certain of the Confidential Information, referred to herein as "Highly Confidential Information," is any Confidential Material produced by the Government in this action bearing a Bates-stamp with the designation "Highly Confidential" or otherwise identified by the Government to counsel for the defendants as "Highly Confidential Information." The Government's designation of material as Highly Confidential Information will be controlling absent contrary order of the Court.

   a. Restrictions on Highly Confidential Information are the same as Confidential Information, except that Highly Confidential Information may be disclosed by counsel to the defendants for review at the offices of defense counsel, or in the presence of defense counsel or any member of the

defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any records containing Highly Confidential Information outside of the offices or presence of defense counsel. The defendants shall not make or retain any notes that include any Highly Confidential Information outside the offices of defense counsel. Highly Confidential Information may be disclosed to Designated Persons consistent with the terms of Confidential Information.

4. Notwithstanding the foregoing, Confidential Information shall not include documents, materials or information that is (i) already in the possession of the defendants at the time of the Government's production, or (ii) otherwise publicly available (collectively, the "Other Information"). Nothing in this Order shall restrict the defendants' use of such Other Information.

5. Confidential Information and Highly Confidential Information disclosed to the defendants or to their counsel during the course of proceedings in this action, including any and all copies made of said material, shall either be returned to the Government or shredded and destroyed, upon the conclusion of the above-captioned case. The above-captioned case will be

concluded upon expiration of either the conclusion of any litigation related the above-captioned case, including direct appeal and collateral attack.

      6.    The defendants or their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information and/or Highly Confidential Information pursuant to paragraphs 2(c)(ii)-(iv). Designated Persons shall be subject to the terms of this Order and, if they are given possession of any Confidential Information and/or Highly Confidential Information, shall sign an acknowledgment, to be retained by the counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with any materials produced pursuant to terms of this Order. In addition, if Confidential Information and/or Highly Confidential Information is provided to any Designated Persons, those Designated Persons shall return or destroy such materials as set forth in paragraph 5.

      7.    The defendants and their counsel will not attach any Confidential Information or Highly Confidential Information produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed,

the parties shall seek resolution of such disagreements by the Court.

       8. If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is Confidential Information and/or Highly Confidential Information subject to the provisions of this Order, such documents, materials, and information shall be considered Confidential Information and/or Highly Confidential Information pending further Order of this Court.

       9. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or trial held in this action or to any district or magistrate judge of this Court for purposes of this action.

Dated:   New York, New York
       June ~~March~~ 5, 2020

_____
Victor Marrero
U.S.D.J.

6